```
                 UNITED STATES  DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA


SHELTON LEONARD WATSON                         CIVIL ACTION

VERSUS                                         NUMBER: 13-5688

ORLEANS PARISH CRIMINAL                        SECTION: "J"(5)
SHERIFF OFFICE, ET AL.
```

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* plaintiff, Shelton Leonard Watson, against defendants, the Orleans Parish Criminal Sheriff's Office, Sheriff Marlin N. Gusman, and an unidentified mental health professional who is employed by the Sheriff. (Rec. doc. 1). Plaintiff, an inmate of the Riverbend Detention Center ("RDC"), Lake Providence, Louisiana, at the time that suit was filed, generally complained of a lack of proper medical care and inappropriate housing during the time that he was previously confined at the Orleans Parish Prison. (*Id*.).

Shortly after suit was filed, plaintiff notified the Court that he had been transferred to the East Carroll Detention Center ("ECDC"), Lake Providence, Louisiana. (Rec. doc. 4). After issue

was joined as to the Sheriff (rec. doc. 6), by order dated October 8, 2013 ("Briefing Order"), plaintiff was directed to file in the record of this proceeding, on or before November 7, 2013, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses.  (Rec. doc. 7).  A copy of the Briefing Order was mailed to plaintiff at his address of record and has not been returned as undeliverable.  After the due date set forth in the Briefing Order had come and passed and plaintiff had not provided the requested information as directed, he was ordered to show cause ("Show Cause Order"), in writing and on or before December 16, 2013, as to why his lawsuit should not be dismissed for failure to comply with the Briefing Order.  (Rec. doc. 8).  A copy of the Show Cause Order that was mailed to plaintiff at his address of record, ECDC, was subsequently returned to the Court as undeliverable on November 25, 2013 with a handwritten notation upon it which appears to indicate that plaintiff was "Not Here".  (Rec. doc. 9).  It has now been over thirty-five days since that piece of mail was returned to the Court as undeliverable and both the Briefing Order and the Show Cause Order remain unsatisfied.

    Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."

2

Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current....postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."  The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden.  See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, 552 U.S. 1246, 128 S.Ct. 1479 (2008); Thomas v. Parker, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste v. Gusman, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).  The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table).[1]  Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to

---

[1] While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

3

prosecute his case or to comply with a court order.  <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which state that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  (Rec. doc. 1, p. 6).  Plaintiff has also failed to provide the Court with the information requested by the Briefing Order.  The Court must therefore assume that plaintiff has no further interest in prosecuting this case.  As plaintiff is proceeding <u>pro se</u> in this matter, these failures are attributable to him alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

    New Orleans, Louisiana, this __3rd__ day of __January__, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE